| JOSHUA HACKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ST. LOUIS CITY POLICE DEPARTMENT, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

No. 4:14CV2048 RLW

## **MEMORANDUM AND ORDER**

Plaintiff, a prisoner at the Eastern Reception Diagnostic and Correctional Center (ERDCC), has filed a civil rights complaint under 42 U.S.C. § 1983 and moves for leave to proceed in forma pauperis. The Court grants the motion for leave to proceed in forma pauperis and dismisses this action as legally frivolous.

### **In Forma Pauperis**

Normally, a prisoner is required to submit a prison trust account statement so that the Court can calculate an initial partial filing fee based on plaintiff's financial information. However, plaintiff asserts that he cannot get an account statement from ERDCC. Therefore, the Court assesses an initial partial filing fee of $1.00 See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

### **Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is

frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments. Defendants are the St. Louis City Police Department; Nathan Dresch, a police officer; and John Baumgatner; also a police officer.

In his amended complaint, plaintiff alleges the following facts: On July 12, 2012, he was walking along the sidewalk when defendant Baumgatner drove up beside him in a patrol car and asked to speak with him. Plaintiff said he did not want to and turned down an alley. Plaintiff saw Baumgatner reach for his weapon, and plaintiff started running away. Plaintiff turned right at a doorway and hit a dead end. He then told the officers he was coming out and reentered the alley with his hands raised. Dresch then shot plaintiff several times. Plaintiff says he had an iPhone in his hand that Dresch mistook for a gun. Plaintiff alleges that Baumgatner and Dresch then conspired to plant a gun on him and arrested him for unlawful possession of a firearm. Plaintiff has suffered physical and emotional damage as a result of the shooting.

## Discussion

Missouri's court records show that, as a result of the July 12, 2012, incident, he was charged with unlawful possession of a firearm and that he pled guilty to the charge on October

- 2 -

27, 2014. <u>Missouri v. Hackman</u>, No. 1222-CR03934-01 (City of St. Louis) (accessed on Case.net). The state court sentenced him to eight years' imprisonment. <u>Id.</u> Plaintiff has filed a pro se motion under Missouri Supreme Court Rule 24.035. <u>Hackman v. Missouri</u>, 1522-CC00026 (City of St. Louis) (accessed on Case.net). Counsel has been appointed but has not yet filed an amended motion. <u>Id.</u>

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994); <u>Schafer v. Moore</u>, 46 F.3d 43, 45 (8th Cir. 1995). Plaintiff's claim that defendants planted the gun on him would necessarily imply the invalidity of his conviction, for he was convicted of unlawful possession of a firearm. <u>See</u> <u>Moore v. Sims</u>, 200 F.3d 1170, 1172 (8th Cir. 2000). Therefore, the complaint is frivolous.

Additionally, plaintiff's claim against the City of St. Louis is frivolous because he has not alleged that a policy or custom of the City caused his injuries. <u>See Monell v. Dep't of Social Services</u>, 436 U.S. 658, 690-91 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C.
§ 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of February, 2015.

Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE